UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

ERIC A. MCLEAN
DEBORAH D. MCLEAN,

      Debtors.

CASE NO.: 12-11045

CHAPTER 13

---

Eric A. McLean and
Deborah D. McLean,

      Plaintiffs,

  vs.

GreenPoint Credit, LLC and
Green Tree Servicing, LLC,

      Defendants.

ADV. PRO. NO.: _____

## COMPLAINT

### Introduction

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with efforts to collect a debt discharged by the Debtors' previous bankruptcy.

2. Plaintiffs seek monetary, declaratory and injunctive relief based on violations of 11 U.S.C. § 524.

3. This action is also filed to enforce the Discharge Order duly entered in the prior Chapter 13 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of debts under the Bankruptcy Code.

### Jurisdiction

4. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to

2013 01 07 McLean v GreenPoint & Green Tree    Page 1 of 4
Case 13-01008   Doc 1   Filed 01/07/13   Entered 01/07/13 16:06:31   Desc Main
Document   Page 1 of 4

28 U.S.C. § 157(b)(2) and § 1334.

6. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

7. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

8. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## Parties

9. Plaintiffs are debtors in the Chapter 13 Case Number 12-11045 presently pending before this Court.

10. Defendant GreenPoint Credit, LLC (hereinafter "GreenPoint") is a foreign limited liability company with a principal address of 10089 Willow Creek Road, San Diego, CA 92131. According to the Alabama Secretary of State, GreenPoint's nature of business is "consumer lending on residential manufactured homes/real property" and may be served through its registered agent, Lexis Document Service, Inc., 150 S. Perry Street, Montgomery, AL 36104.

11. Defendant Green Tree Servicing, LLC (hereinafter "Green Tree") is a foreign limited liability company with a principal address of 345 St. Peter Street, St. Paul, MN 55102. According to the Alabama Secretary of State, Green Tree is a "diversified financial services company" and may be served through its registered agent, C T Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

## Facts

12. Plaintiffs herein filed a voluntary Chapter 13 bankruptcy petition and schedules in the United States Bankruptcy Court for the Middle District of Alabama that was given the case number 12-11045.

13. On August 16, 2012 Green Tree filed claim 13-1 in this case, naming Green Point as the creditor, seeking payment for a mortgage note/deficiency related to a 2000 manufactured home, serial number GMHGA2439925746, in the amount of $11,018.03.

14. The plaintiffs in this action previously filed a voluntary Chapter 13 petition in the Middle District of Alabama on June 14, 2006 which was given the case number 06-10541 (hereinafter "2006 Bankruptcy").

15. Attached as *Exhibit 1* to this complaint Schedule F, Page 18 of 36 of Doc 1, case number 06-10541, in the 2006 Bankruptcy case related to the same account of Green Tree for the deficiency claim in the amount of $11,018.00 that is the subject of its current proof of

claim 13-1 herein.

16. On September 5, 2008, the debtors filed their Notice of Conversion from Chapter 13 to Chapter 7 (Doc 73, case number 06-10541).

17. On January 6, 2009, the plaintiffs received a discharge in the 2006 Bankruptcy (**Exhibit 2** attached hereto). The Discharge Order was served on all creditors pursuant to the Certificate of Notice (*Exhibit 2*, pages 3-5, attached hereto).

18. Green Tree was served a copy of the Discharge Order via electronic transmission on January 6, 2009.

19. The effect of the discharge in the 2006 Bankruptcy was to discharge the deficiency balance which Green Tree claimed in the 2006 Bankruptcy.

20. The debtors' Chapter 7 was a no-asset bankruptcy and the debtors' underlying debt to defendants was discharged.

21. Despite this debt being discharged in the 2006 Bankruptcy, defendants filed claim number 13-1 in this case seeking to collect the discharged deficiency balance in violation of § 524 of the Bankruptcy Code.

22. Defendants' actions in this case violate section 524 of the Bankruptcy Code.

23. The Plaintiffs allege that at all times relevant to the allegations herein:

    A. The Defendants have substantially frustrated the discharge order entered in this case and its conduct constitutes a gross violation of the discharge injunction as provided by Section 524 of Title 11 of the United States Code and further has caused the Plaintiffs to expend unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

    B. The Defendants knew and in fact had actual knowledge that the Plaintiffs were previously involved in bankruptcy and were therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided for by Section 524 of Title 11 of the United States Code and notwithstanding such knowledge willfully sought to collect on this discharged debt.

24. The Plaintiffs are informed and believe and therefore allege that as a result of these allegations, they are entitled to the recovery of actual damages, including emotional distress, punitive damages, statutory damages, legal fees and expenses.

### **First Claim for Relief**
(Violation of the Discharge Injunction)

25. The allegations contained in the preceding paragraphs are realleged and incorporated

herein by this reference.

26. The Plaintiffs allege that the conduct of the Defendants in this case has substantially frustrated the discharge order previously entered and has caused the Plaintiffs unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

27. The Plaintiffs also allege that in order to carry out this provision of the Code and to maintain its integrity, this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of the Code and the cases interpreting the applicable provisions.

28. The Plaintiffs further allege that in order to protect debtors who have received a discharge under Chapter 13, this Court must impose sanctions against the Defendants for the misconduct in this case.

WHEREFORE, the Plaintiffs, having set forth their claims for relief against the Defendants, respectfully pray of this Honorable Court as follows:

A. That Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

B. That Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

C. That Plaintiffs have and recover the costs of this litigation including attorney's fees and costs; and

D. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Done this 7th day of January, 2013.

Respectfully submitted,

*/s/Nick Wooten*
Nick Wooten - Bar No. WOO084
NICK WOOTEN, LLC
P.O. Box 3389
Auburn, Al. 36831
(334) 887-3000
Fax (334) 821-7720
Email: nick@nickwooten.com
*Of Counsel to Brock & Stout, LLC*